**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No.:** 3:26-cv-1014

| | | |
|---|---|---|
| **WHITE LABS, INC.; WHITE LABS KITCHEN, BREWING & TAP, INC.; AND 172 S CHARLOTTE, LLC** | § | |
| **Plaintiffs,** | § | **NOTICE OF REMOVAL** |
| **vs.** | § | |
| **FIREMAN'S FUND INSURANCE COMPANY** | § | |
| **Defendant.** | | |

Defendant Fireman's Fund Insurance Company ("FFIC" or "Defendant"), by and through its undersigned counsel, hereby removes this action, styled as *White Labs, Inc., White Labs Kitchen, Brewing & Tap, Inc., and 172 S Charlotte, LLC v. Fireman's Fund Insurance Company*, Case No. 26CV006505-100, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the General Court of Justice, Superior Court Division for Buncombe County, North Carolina, to the United States District Court for the Western District of North Carolina. This removal is made without waiving and expressly reserving the right to assert any and all defenses against this action. In support of removal, FFIC would show unto the Court as follows:

1. On September 25, 2026, Plaintiffs White Labs, Inc. ("White Labs"), White Labs Kitchen, Brewing & Tap, Inc. ("KB&T"), and 172 S Charlotte, LLC ("172 S Charlotte") (collectively, "Plaintiffs") initiated this lawsuit by filing their Complaint in the General Court of Justice, Superior Court Division in Buncombe County, North Carolina ("the State Court Action"). *See* **Exhibit 1.**

2. On October 14, 2026, the Director of the North Carolina Department of Insurance ("NCDOI") accepted service on behalf of FFIC pursuant to N.C. Gen. Stat. § 58-16-30. The NCDOI forwarded the process to FFIC by certified mail on October 20, 2026. *See* Return of Service, attached as **Exhibit 2.**

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action, as obtained from the docket of the Buncombe County Superior Court, including the Summons and Complaint, are attached in Exhibit 1.

4. As more fully set out below, FFIC has properly removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because (1) FFIC has satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. The NCDOI accepted service on October 14, 2026, and forwarded the process to FFIC by certified mail on October 20, 2026, pursuant to N.C. Gen. Stat. § 58-16-30.

6. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because FFIC was served through a statutory agent, the NCDOI, the time for removal did not begin until FFIC's actual receipt of the Complaint, which could not have been before October 20, 2026.[1] *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018).

[1] FFIC does not have record of having received the service copy of the summons and complaint from the NCDOI. Out of an abundance of caution, FFIC is filing this Notice of Removal within 30 days of the date the NCDOI forwarded the process to FFIC.

7. One year has not passed from the commencement of this action, which was initiated by Plaintiffs filing their Complaint on September 25, 2026. *See* 28 U.S.C. § 1446(c)(1).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1441 because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" and is the "district court of the United States for the district and division embracing the place where such action is pending." Specifically, this matter arises out of an alleged loss following Hurricane Helene and a resulting insurance claim concerning property located at 172 and 174 S Charlotte Street in Buncombe County, North Carolina, which is located within this judicial district.

9. There are no other named defendants to this action besides FFIC, and therefore no consent of other parties is required. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in and consent to the removal of the action.").

10. FFIC will file a notice in the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, to notify it that this matter has been removed to this Court and directing it to take no further action with respect to this case. To FFIC's knowledge, no hearings or proceedings have taken place in the State Court Action.

**<u>THE REQUIREMENTS FOR DIVERSITY JURISDICTION ARE MET</u>**

1. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

2. Plaintiff White Labs alleges that it is a corporation which conducts business in North Carolina. (Compl. ¶ 1.) According to its filings with the North Carolina Secretary of State, White Labs represents that it is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Asheville, North Carolina. (*See* **Exhibit "3"** attached hereto and incorporated by reference.) For jurisdictional purposes, therefore, White Labs is a citizen of the State of North Carolina. 28 U.S.C. § 1332(c)(1).

3. Plaintiff KB&T alleges that it is a corporation which conducts business in North Carolina. (Compl. ¶ 2.) According to its filings with the North Carolina Secretary of State, KB&T is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in San Diego, California. (*See* **Exhibit "4**" attached hereto and incorporated by reference.) For jurisdictional purposes, therefore, KB&T is a citizen of North Carolina and California. 28 U.S.C. § 1332(c)(1).

4. Plaintiff 172 S Charlotte alleges that it is a limited liability company which owns property in North Carolina. (Compl. ¶ 3.) According to its filings with the North Carolina Secretary of State, 172 S Charlotte is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business in San Diego, California. (*See* **Exhibit "5"** attached hereto and incorporated by reference.) Upon information and belief, Plaintiff 172 S Charlotte has two members: Chris White and Lisa White, each of whom is a citizen of California. For jurisdictional purposes, therefore, 172 S Charlotte is a citizen of California. *Cent. W. Va. Energy Co. v. Mountain State Carbon*, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

5. Defendant FFIC is an insurance company organized and existing under the laws of the state of Illinois with its principal place of business in the State of Illinois. For jurisdictional purposes, therefore, FFIC is a citizen of the State of Illinois. 28 U.S.C. § 1332(c)(1).

6. Because Plaintiffs and Defendant are citizens of different states, complete diversity exists between the parties.

7. Further, there is more than $75,000, exclusive of interest and costs, in controversy in this action. “The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.” *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); see also *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (defining the amount in controversy as “the pecuniary result to either party which [a] judgment would produce”). Where punitive damages or treble damages pursuant to the North Carolina Unfair and Deceptive Trade Practices Act are demanded, that amount must be considered in assessing the amount in controversy. *Quality Labels & Packaging, Inc. v. Wells Fargo Bank*, N.A., No. 1:19-cv-210, 2019 WL 2992219, at *3 (M.D.N.C. July 9, 2019) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).

8. Plaintiffs generally allege in the Complaint that their operations at the insured premises were suspended following Hurricane Helene and that the amount in controversy exceeds $25,000.00. (Compl. ¶¶ 5, 42.) More specifically, Plaintiffs allege that KB&T sustained a loss of not less than $181,179.14 and White Labs sustained a loss of not less than $85,139.00, for a combined business income loss of not less than $266,318.00, together with extra expense in an amount to be proven at trial. (Compl. ¶ 23.) Plaintiffs further allege they are entitled to treble damages under N.C. Gen. Stat. § 75-16 and an award of reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1. (Compl. ¶¶ 49–50.) As such, the amount-in-controversy requirement for this Court to exercise jurisdiction over this matter is satisfied.

9. Because Plaintiffs seek recovery in excess of $75,000 and the parties are citizens of different states, this case is properly removed pursuant to 28 U.S.C. § 1441, in its entirety, to this Court, and this Court has jurisdiction over this matter.

WHEREFORE, Defendant Fireman's Fund Insurance Company hereby removes this action from the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, and requests that this action proceed in this Court as an action properly removed.

This the 19th day of November 2026.

Respectfully submitted,

*/s/ Anna P. Cathcart*

Anna P. Cathcart, NC Bar #49691
PHELPS DUNBAR LLP
4300 Edwards Mill Road, Suite 600
Raleigh, NC 27612
P: 919.789.5300
F: 919.789.5301
anna.cathcart@phelps.com

*Attorneys for Defendant Fireman's Fund Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that on November 19, 2026 a true and correct copy of the Notice of Removal, to which this certificate is affixed, was filed with the Court's electronic filing system. Furthermore, a copy of same was served via electronic mail and UPS Overnight Delivery to the following:

Nicholas Ciani, Esq.
CIANI LAW, PLLC
1529 NE 17 Ter.
Fort Lauderdale, FL 33304
Ph: 954.654.4445
manager@ciani.law

Counsel for Plaintiffs

*/s/ Anna P. Cathcart*
Anna P. Cathcart, NC Bar #49691